**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

ADRIAN JENKINS,

    Plaintiff,

v.

LT. SHOEMAKER; and SGT. CORY OSBORNE,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-74

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Hancock State Prison in Sparta, Georgia, submitted a Complaint in the above captioned action pursuant to 42 U.S.C. § 1983 against Defendants, who are officers at Georgia State Prison in Reidsville, Georgia. (Doc. 1.) Plaintiff's Complaint partially relates to another action that Plaintiff filed in this Court and which is still pending, Jenkins v. Hutcheson, 6:14-cv-81 (S.D. Ga. July 13, 2014) (hereinafter referred to as "Jenkins I"). In Jenkins I, Plaintiff alleged that Defendant Joseph Hutcheson, a correctional officer, assaulted Plaintiff. In the instant case, Plaintiff alleges that on June 18, 2015, Defendants took legal materials regarding Jenkins I out of Plaintiff's cell. (Doc. 1, pp. 9–10.) In addition, Plaintiff claims that Defendant Shoemaker used excessive force against him when Plaintiff complained about the materials being taken out of his cell. Plaintiff also claims that seven gold teeth have been taken from him without a property receipt.

The Court has conducted the requisite frivolity review of Plaintiff's Complaint. For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims regarding the taking of his legal materials for failure to state a claim. In addition, the Court should **DISMISS** all claims against Defendant Osborne. I further **RECOMMEND** that the Court

**DISMISS** all claims regarding the taking of Plaintiff's gold teeth and **DISMISS** Plaintiff's claims for preliminary and permanent injunctive relief.

However, Plaintiff's claims of excessive force against Defendant Shoemaker survive frivolity review. Accordingly, a copy of Plaintiff's Complaint and a Copy of this Order shall be served on Defendant Shoemaker. Below, the Court provides instructions to the parties regarding these remaining claims which they are urged to follow.[1]

## BACKGROUND[2]

In his Complaint in this action, Plaintiff explains that he has sued Defendant Hutcheson in <u>Jenkins I</u>, for the use of excessive force in violation of his Eighth Amendment rights. (<u>Id.</u> at pp. 7, 10.) Plaintiff alleges that on June 18, 2015, while housed at Georgia State Prison, he returned from his shower to his cell in handcuffs. (<u>Id.</u> at p. 9.) He noticed that legal materials which he had been working on in regards to <u>Jenkins I</u> were missing. <u>Id.</u> He immediately began to ask to have the legal materials returned to him but both Defendants ignored Plaintiff's requests. <u>Id.</u> Plaintiff refused to back up to the cell's open tray flap to have his handcuffs removed until his legal materials were returned. (<u>Id.</u> at pp. 10-11.) Defendant Shoemaker then "geared up" several of his officers with gas masks and entered Plaintiff's cell. (<u>Id.</u> at p. 12.) While Plaintiff was speaking to Shoemaker regarding the legal materials, Shoemaker sprayed pepper spray into Plaintiff's eyes and mouth. <u>Id.</u> Plaintiff was then taken from his cell to the Prison's medical unit. (<u>Id.</u> at p. 13.)

---

[1] The Court notes that Plaintiff has stated that he filed this action prior to exhausting his administrative remedies. (Doc. 1, p. 18.) However, he also alleges that prison officials refused to receive his grievance. (<u>Id.</u> at p. 6.) Thus, at this point, it is not clear from the face of the Complaint that this action should be dismissed for failure to exhaust. <u>See</u> <u>Burns v. Warden, USP Beaumont</u>, 482 F. App'x 414, 416 (11th Cir. 2012). However, the Court expresses no opinion on any future challenge to Plaintiff's attempts at exhaustion.

[2] The below recited facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

Plaintiff also alleges that seven gold teeth, worth $1,000.00, have been taken from him without the provision of a property receipt. (Id. at p. 21.) Plaintiff provides no information regarding when these teeth were taken or who took them.

**STANDARD OF REVIEW**

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.  Dismissal of Claims Based on Taking of Legal Materials**.

In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements.  First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States."  Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995).  Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law."  Id.

Plaintiff attempts to satisfy the first element, in part, by alleging that Defendants violated his constitutional rights by taking his legal materials.  Courts assess factual allegations such as these under the fundamental right to access the courts.

Prisoners have a fundamental right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Graham v. Nat'l Collegiate Athletic Ass'n, 804 F.2d 953 (6th Cir. 1986) ("It is beyond dispute that the right of access to the courts is a fundamental right protected by the Constitution.").[3]  "Thus, interference with the right of court access by state agents who intentionally conceal the true facts about a crime may be actionable as a deprivation of constitutional rights."  Chappell, 340 F.3d at 1283.

"However, even the intentional destruction of legal material by prison officials does not, standing alone, establish a constitutional interference claim."  Williams v. Langford, No. 2:13-CV-315-FTM-38CM, 2015 WL 8479220, at *5 (M.D. Fla. Dec. 10, 2015).  Rather, in order to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury to a non-frivolous claim as a result of the defendants' alleged interference.  Lewis, 518 U.S. at 349; see also Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998).

---

[3] "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003).

An "actual injury" does not occur "without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented." Root v. Towers, 238 F.3d 423 (6th Cir. 2000) (citing Lewis, 518 U.S. at 354-56). In other words, a plaintiff who claims that his access to the courts was interfered with fails to state a claim unless he shows prejudice to his litigation. Based on this principle, courts frequently dismiss Section 1983 claims for the destruction of evidence, particularly when the plaintiff has an ongoing lawsuit through which any destruction of evidence could be remedied. See, e.g., Hunt v. City of Cleveland, 563 F. App'x 404, 410 (6th Cir. 2014) ("Because Hunt has not shown that the alleged destruction of evidence cannot be addressed adequately by the Ohio state courts in the context of his [ongoing state litigation], he has failed to show a denial of access."); Chappell, 340 F.3d at 1283-84 ("Although access to the concealed evidence might have strengthened their case, the [plaintiffs] do not allege that they were or would have been prevented from filing a wrongful death suit within the statute of limitations period, nor that the Defendants' actions would have made such a suit inadequate, ineffective, or not meaningful."); Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986) (rejecting denial-of-access claim based upon police cover-up when there was "no reason to believe that an Ohio court and jury would be unavailable and would not do justice between the parties"); Bratt v. Genovese, No. 8:13-CV-3210-T-36AEP, 2014 WL 6832644, at *3 (M.D. Fla. Dec. 3, 2014) ([Plaintiff] has failed to allege that the cover up successfully impeded his access to the courts."); Roe v. City of Spokane, No. CV-06-0357-FVS, 2008 WL 2705142, at *8 (E.D. Wash. July 9, 2008) ("[Plaintiffs] have state law claims pending before a court. Only if these claims prove to be ineffective will their access to courts claim lie. The Plaintiff's Section 1983 claim for denial of access to the courts will therefore be dismissed without prejudice."); Fedor v. Kudrak, 421 F.Supp.2d 473, 483 (D. Conn. 2006) (plaintiff's denial-of-

access claim failed, since plaintiff was not actually prevented from initiating litigation and seeking appropriate remedies).

In the case at hand, Plaintiff has failed to allege that the Defendants' alleged taking of his legal materials has caused him an actual injury. Plaintiff does not describe in any way how the taking of the legal materials has affected his ability to prosecute his claims in Jenkins I. Indeed, it is not even clear that the legal materials were not returned to Plaintiff. Moreover, he has not set forth plausible facts that his excessive force claim against Hutcheson has been lost or rejected, or that the presentation of that claim has been prevented. As noted above, Plaintiff has filed Jenkins I, that case is still pending and Plaintiff is actively pursuing his claims. Accordingly, Plaintiff has not stated a claim that his access to the courts has been thwarted by Defendants' actions.

Moreover, to establish a claim for denial of access to the Courts, Plaintiff must show that Defendants acted with intent to frustrate Plaintiff's ability to bring suit. See Chappell, 340 F.3d at 1283 (distinguishing between claims of intentional concealment of facts and mere failure to investigate); Simkins v. Bruce, 406 F.3d 1239, 1242 (10th Cir. 2005) (plaintiff must allege intentional conduct interfering with his legal mail to support claim of impeding a right of access to the courts); Snyder v. Nolen, 380 F.3d 279, 291 n. 11 (7th Cir. 2004) ("an allegation of simple negligence will not support a claim that an official has denied an individual access to the courts" and citing cases from other courts holding same). Here, Plaintiff's factual allegations do not rise to the level of intent necessary to support a claim of interference with access to the courts. Rather, he merely states that when he returned to his cell his legal materials were missing.

For these reasons, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims regarding the taking of his legal materials.

**II.     Claims of Excessive Force**

Plaintiff also contends that Defendant Shoemaker violated his constitutional rights by using excessive force against him. The Eighth Amendment's proscription against cruel and unusual punishment governs the amount of force that prison officials are entitled to use against inmates. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than "a good faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320–21 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, courts consider the following factors: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Skelly v. Okaloosa Cty. Bd. of Cty. Comm'rs, 456 F. App'x 845, 848 (11th Cir. 2012) (quoting Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009)).

At this early stage, the Court is not able to assess whether Defendant Shoemaker's spraying Plaintiff with pepper spray satisfies these components. However, Plaintiff has made sufficient allegations to state a plausible claim that Defendant Shoemaker used excessive force against him on the date of the incident. Accordingly, his excessive force claims against Shoemaker shall proceed.

However, Plaintiff has not alleged that Defendant Osborne used any force or that Osborne was even present while Shoemaker used force against Plaintiff. Accordingly, the Court should **DISMISS** Plaintiff's claims against Osborne.

## III. Dismissal of Claims Relating to Loss of Gold Teeth

Plaintiff claims that the taking of seven of his gold teeth without a property receipt violates his rights to due process under the Fourteenth Amendment. (Doc. 1, p. 22.) As an initial matter, Plaintiff does not allege any facts that Defendants participated in the alleged taking of his teeth. Moreover, Plaintiff does not explain how this claim is in any way related to his other claims asserted in this case.[4]

Further, a Section 1983 action alleging a procedural due process clause violation requires proof of three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." Doe v. Fla. Bar, 630 F.3d 1336, 1342 (11th Cir.2011) (quoting Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir.1994)). As to the third element, it is recognized that "[d]ue process is a flexible concept that varies with the particular situation." Cryder, 24 F.3d at 177.

Moreover, determining whether due process is satisfied requires consideration of three distinct factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

---

[4] Plaintiff cannot pursue unrelated claims in one Section 1983 action. Smith v. Owens, No. 14-14039, 2015 WL 4281241, at *4 (11th Cir. July 16, 2015) (upholding this Court's dismissal of unrelated claims pursuant to Federal Rule of Civil Procedure 20(a), which will allow the joinder of claims if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action.").

Id. at 178 (quoting Mathews v. Eldridge, 424 U.S. 319, 335 (1976)).

However, even if a state actor has continued to wrongfully retain a person's personal property, "no procedural due process violation has occurred if a meaningful postdeprivation remedy for the loss is available." Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir.2009) (quoting Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir.1991)). "[T]he state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Georgia law provides a postdeprivation remedy through an action for conversion of personal property, which "is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers." Case, 555 F.3d at 1331. This claim arises under O.C.G.A. § 51–10–1. Lindsey, 936 F.2d at 561. This statute provides that "[t]he owner of personalty is entitled to its possession," and "[a]ny deprivation of such possession is a tort for which an action lies." O.C.G.A. § 51–10–1. The Eleventh Circuit has noted that:

> [t]his statutory provision covers the unauthorized seizure of personal property by police officers. Therefore, the state has provided an adequate postdeprivation remedy when a plaintiff claims that the state has retained his property without due process of law.

Lindsey, 936 F.2d at 561 (quoting Byrd v. Stewart, 811 F.2d 554, 555 n. 1 (11th Cir.1987) (per curiam)); see also Allen v. Peal, No. CV 312–007, 2012 WL 2872638, at *2–3 (S.D. Ga. June 18, 2012) (dismissing a due process claim for lost or seized personal property because O.C.G.A. § 51–10–1 provides an adequate post-deprivation remedy).

Consequently, to the extent Plaintiff's Complaint sets forth a claim for damages for the alleged loss of property, this is a matter for determination by the courts of the State of Georgia, and Plaintiff's Section 1983 cause of action for the alleged deprivation of property should be **DISMISSED**.

## IV.     Dismissal of Claims for Injunctive Relief

Plaintiff requests that this Court provide "emergency" injunctive relief to protect against the potential for harm and danger posed to him at Georgia State Prison. (Doc. 1, pp. 18–19.) Additionally, it appears that Plaintiff is seeking permanent injunctive relief against Defendants.

To be entitled to a preliminary injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001). Plaintiff has not demonstrated a substantial likelihood of success on his claims, and, therefore, he is not entitled to a preliminary injunction.

Moreover, an inmate's claim for injunctive relief against prison officials is subject to dismissal for mootness when the prisoner is transferred to another prison and is no longer subject to supervision of the officials against whom the injunctive relief is sought. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir.1988) (per curiam); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir.1985) (per curiam) ("Absent class certification, an inmate's claim for injunctive relief and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Plaintiff has been transferred from Georgia State Prison to Hancock State Prison. Therefore, he is no longer subject to the supervision of Defendants. Accordingly, Plaintiff's request for injunctive relief is now moot.

For these reasons, the Court should **DISMISS** Plaintiff's claims for preliminary and permanent injunctive relief.

## CONCLUSION

For the above stated reasons, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims regarding the taking of his legal materials for failure to state a claim. In addition, the Court should **DISMISS** all claims against Defendant Osborne. I further **RECOMMEND** that the Court **DISMISS** all claims regarding the taking of Plaintiff's gold teeth and **DISMISS** Plaintiff's claims for preliminary and permanent injunctive relief.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

## REMAINING CLAIMS AND REMAINING DEFENDANT

Plaintiff's allegations arguably state colorable claims for relief against Defendant Shoemaker for excessive force under the Eighth Amendment. Consequently, a copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendant Shoemaker by the United States Marshal without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## INSTRUCTIONS TO DEFENDANT

Because Plaintiff is proceeding *in forma pauperis,* the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendant is hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendant is further advised that the Court's standard 140 day discovery period will commence upon the filing of the

last answer. Local Rule 26.1. Defendant shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendant shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## **INSTRUCTIONS TO PLAINTIFF**

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or his counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery.

See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a Defendant. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the**

**collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendant. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's

motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 30th day of December, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA